# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.F., by and through his parents, WILLIAM and LESLIE FLICK, | : <br> : <br> : <br> : |
| Plaintiffs, | : CIVIL ACTION <br> : |
| v. | : <br> : NO. 17-CV-1599 |
| DELAWARE COUNTY INTERMEDIATE UNIT, | : <br> : <br> : |
| Defendant. | : |

**MEMORANDUM**

Joyner, J.                                                                October 4, 2017

Before the Court is Defendant's Motion to Dismiss (Doc. No. 5) and Plaintiffs' response thereto (Doc. No. 6). For the reasons stated below, Defendant's Motion to Dismiss is DENIED and this case is REMANDED.[1]

## I. Factual and Procedural Background[2]

William and Leslie Flick ("Parents") brought this action individually and on behalf of their son, C.F. (collectively with

---

[1] This Memorandum primarily addresses DCIU's argument that Plaintiffs' IDEA-based claim should be dismissed under Fed. R. Civ. P. 12(b)(6), which was the same basis upon which the Hearing Officer dismissed Plaintiffs' Due Process Complaint below. This Memorandum also addresses DCIU's argument that Plaintiffs' pre-2014 injuries should be barred by the statute of limitations based on the face of Plaintiffs' Due Process Complaint, which, again, the Hearing Officer accepted below. Infra p. 11 n.7. We write to correct the Hearing Officer's erroneous conclusions of law on these two points. DCIU's remaining argument, regarding administrative exhaustion, is denied without prejudice and may be asserted after this matter is fully and properly adjudicated at the administrative level. See id.

[2] Unless otherwise noted, the facts are taken from Plaintiffs' Complaint. (Doc. No. 1). In line with the standards governing Fed. R. Civ. P. 12(b)(6), all factual allegations in the Complaint are generally accepted as true. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

1

Parents, "Plaintiffs"), against the Delaware County Intermediary Unit ("DCIU") for alleged violations of the Individuals with Disabilities in Education Act ("IDEA"), Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, and Title 22, Chapters 14 and 15 of the Pennsylvania Code. Compl. ¶¶ 26-41.

DCIU is a Local Education Agency ("LEA") under the terms of the IDEA. 20 U.S.C. § 1401(19); 34 C.F.R. § 300.28; 22 Pa. Code 14.103. C.F. is a child with a disability under the IDEA and has attended school in the area serviced by DCIU for all times relevant to Plaintiffs' claims. Compl. ¶¶ 6,13.

C.F. was born with distal arthrogryposis and was later diagnosed with hip dysplasia and strabismus by the age of two. Id. ¶ 5. Around 2006, while in preschool, DCIU first evaluated and diagnosed C.F. with a Specific Learning Disability. Id. ¶¶ 5, 11. In 2008, Parents enrolled C.F. in private school at St. Katherine of Sienna for the first grade. Id. ¶ 13. Parents allege that they "made th[is] move based, in part, on representations from [] the DCIU . . . that C.F. did not require, and would not receive, further special educational services or programming." Id.

DCIU reevaluated C.F in 2012. Id. ¶ 14. Based on the Complaint, DCIU diagnosed C.F. with Attention Deficit Hyperactive Disorder and an Autism Spectrum Disorder. Id. ¶¶ 5, 14. In

2014, DCIU again reevaluated C.F.  Id. ¶ 15.  Despite noting that C.F. tested below the average range in processing information and defining vocabulary words, DCIU found that C.F. was no longer disabled and was therefore not eligible for special education services.  Id.

In 2016, Parents noticed C.F. was struggling to advance academically.  Id. ¶ 16.  On their own initiative, Parents had C.F. undergo two separate evaluations, one by a psychoeducational professional and another by a speech and language pathologist.  Id.  Parents allege "[t]he private evaluators concluded that C.F.'s underling deficits in expressive and receptive language were far more severe than previously indicated and interfered with his ability to acquire appropriate skills in reading comprehension."  Id.  Parents further allege that, "[i]n addition to affirming the diagnosis of Autism Spectrum Disorder, both private evaluators found that C.F. has a Mixed Receptive-Expressive Language Disorder and a Reading Disorder."  Id.

On December 19, 2016, Plaintiffs filed a Due Process Complaint, as permitted under the IDEA, with the Pennsylvania Office of Dispute Resolution ("ODR").  Id. ¶ 19; Pls. Due Process Compl. (Doc. No. 5-3); Ruling of Hearing Officer, Jan. 6, 2017 ("H.O. Ruling") (Doc. No. 5-1).  Plaintiffs sought "compensatory education and other relief due to the failure of the DCIU to identify C.F.'s disabilities and offer Equitable Participation."

Pls. Due Process Compl. ¶ 4; see Compl. ¶¶ 19-20; Pls. Resp. at 2 (Doc. No. 6). Specifically, Plaintiffs claimed DCIU violated C.F.'s rights under the IDEA by denying him "equitable participation in education" though its failure "to properly identify C.F. as a parentally-placed private school child with a Receptive-Expressive Language Disorder and a Reading Disorder since the 2008-2009 year." Pls. Due Process Compl. ¶ 17; see Compl. ¶ 26.

ORD assigned the matter to a Hearing Officer. Compl. ¶ 20. DCIU filed a sufficiency challenge to Plaintiffs' Due Process Complaint. Id. DCIU argued Plaintiffs had failed to state a claim upon which relief could be granted and that, if any claims survived, recovery should be limited to the two-year period directly preceding Plaintiffs' filing date. Id. ¶ 21. The Hearing Officer sustained DCIU's sufficiency challenge and dismissed Plaintiffs' Due Process Complaint with prejudice. H.O. Ruling at 1. The Hearing Officer also accepted DCIU's argument that Plaintiffs' recovery would have been limited to the two-year period directly preceding Plaintiffs' filing date based on negative inferences he made from the allegations within Plaintiffs' Due Process Complaint. Id. at 9-11. Following the Hearing Officer's adverse disposition, Plaintiffs timely filed the instant lawsuit pursuant to 20 U.S.C. § 1415(i)(2)(A).

**II. Motion to Dismiss**

DCIU moves to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[3] DCIU Mot. to Dismiss at 5-6 ("DCIU MTD") (Doc. No. 5).

**A.   Standard of Review**

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). While a court generally cannot consider matters outside the pleadings, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks and alteration omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[3] It appears DCIU bases its jurisdictional challenge on its argument that Plaintiffs failed to administratively exhaust their Section 504 and ADA claims. This argument is addressed infra, p. 11 n.7.

U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Regarding the administrative proceedings below, this Court applies a modified *de novo* review. P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist., 585 F.3d 727, 734-35 (3d Cir. 2009). "Factual findings from the administrative proceedings are to be considered prima facie correct." Id. at 734 (citation omitted). Conclusions of law, however, are subject to plenary review.[4] Id. at 735.

**B. Analysis**

The primary purpose of the IDEA is to ensure all children with disabilities have access to a free appropriate public education ("FAPE"). 20 U.S.C. § 1400(d). The IDEA defines a FAPE as educational instruction "specially designed to meet the

---

[4] Below, the Hearing Officer sustained DCIU's sufficiency challenge based solely on legal conclusions and without making any factual determinations. Accordingly, we apply a plenary review to the entirety of the Hearing Officer's rulings.

6

unique needs of a child with a disability," together with "any additional related services that are required to assist a child with a disability to benefit from that instruction."  Id. § 1401(26), (29); see Council Rock Sch. Dist. v. Bolick, Civ. No. 09-5604, 2010 WL 5186154, at *7 (E.D. Pa. Dec. 22, 2010) (quoting Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 524 (2007)), aff'd, 462 F. App'x 212 (3d Cir. 2012).  To fulfil this purpose, there must first be a process in which states identify children that have disabilities.  Accordingly, the IDEA obligates states with certain "child find" obligations as a condition of receiving federal funding.  Id. § 1412(a)(3)(A).  Specifically, the IDEA requires states to have "policies and procedures to ensure that . . . [a]ll children with disabilities residing in the State, including . . . children with disabilities attending private schools, . . . are identified, located, and evaluated."  Id.; see P.P., 585 F.3d at 730.

Not only must states identify children with disabilities, but they must also conduct a sufficiently comprehensive evaluation to identify all of a child's special education and related service needs.  34 C.F.R. § 300.304(b)-(c).  Importantly, in performing the evaluation, the LEA must assess the student in all areas related to a suspected disability.[5]  Id. §

---

[5] The child find obligations are important because the existence and scope of a student's disabilities dictate the services the LEA must provide to ensure the student has access to a FAPE.  See 20 U.S.C. § 1412(a)(10)(A)(ii).  While students enrolled at public school are entitled to the requisite

7

300.304(c)(4); see Council Rock Sch. Dist., 2010 WL 5186154, at *7.

To ensure compliance among the LEAs, such as DCIU, the IDEA explicitly recognizes a process in which parents can bring a complaint against an LEA for failing to fulfill its child find obligations. 20 U.S.C. §§ 1412(a)(10)(A), 1415(b)(6); 34 C.F.R. § 300.140. The IDEA provides parents the right to a due process hearing "with respect to any matter relating to the identification, evaluation, or education placement of the child." Id. § 1415(b)(6); accord id. § 1415(f)(1)(A). This right extends to all children enrolled in both public and private schools.[6] Id. §§ 1412 (a)(10)(A)(ii)(I), 1415(b)(6); 34 C.F.R. §§ 300.131, 300.140.

The primary point of contention arising from DCIU's Motion

---

services to ensure the student has access to a FAPE, "[n]o parentally-placed private school child with a disability has an individual right to receive some or all of the special education and related services that the child would receive if enrolled in a public school." 34 C.F.R. § 300.138(a)(2). If a parent chooses to forgo a FAPE and enrolls their child in a private school, the child will receive "equitable services" provided through proportionate-share funding, as determined by the LEA. See 20 U.S.C. §§ 1412(a)(10)(A)(I), (C)(I); 34 C.F.R. § 300.137; see also R.M.M. v. Minneapolis Pub. Sch., Civ. No. 15-1627, 2016 WL 475171, at *6 (D. Minn. Feb. 8, 2016), aff'd, 861 F.3d 769 (8th Cir. 2017). Although children enrolled at public schools can assert a due process complaint against an LEA for its failure to provide services that would provide the student with a FAPE, parentally-placed private school students may not assert a due process complaint against an LEA based on the inadequacy of its equitable participation services. 34 C.F.R. § 300.138, 300.140(a).

[6] As discussed supra, p. 8 n.5, parentally-placed private school students cannot assert an IDEA-based due process complaint against an LEA on the denial of equitable services. Claims regarding those services must proceed through the state complaint process. 34 C.F.R. § 300.140(c)(1). However, parentally-placed private school students may assert an IDEA-based due process complaint against an LEA on the basis of a child find violation. 20 U.S.C. §§ 1412(a)(10), 1415(b)(6); 34 C.F.R. §§ 300.131, 300.140.

8

to Dismiss is whether Plaintiffs assert a cognizable claim under the IDEA. Plaintiffs characterize their claim as one based on the IDEA's child find provisions. Pls. Resp. at 11-15. DCIU characterizes the claim as one based on the IDEA's equitable participation provisions for parentally-placed private school students. DCIU MTD at 10-12.

In viewing the allegations in a light most favorable to Plaintiffs, we find that Plaintiffs have adequately stated a cognizable claim based on the child find provisions of the IDEA. Plaintiffs have alleged facts that can establish DCIU did not fulfill its burden to adequately evaluate C.F. in all areas related to a suspected disability.

The Hearing Officer incorrectly viewed Plaintiffs' Due Process Complaint as a "dispute about 'equitable participation.'" H.O. Ruling at 2, 11-12. Plaintiffs' claim could be categorized as such had C.F. been properly evaluated in all areas of suspected disability, then complained that the equitable services DCIU provided were insufficient in light of his disabilities.

However, Plaintiffs also assert that DCIU breached its child find obligations by failing to find C.F.'s "Receptive-Expressive Language Disorder and [] Reading Disorder." DPC at ¶ 17; Compl. at ¶ 26. In viewing the allegations in a light most favorable to Plaintiffs, it is plausible that DCIU should have evaluated and found these disabilities given their relationship to C.F.'s other

9

known disabilities and the areas in which DCIU noted he was struggling. See supra p. 2-3.

Admittedly, Plaintiffs do allege that DCIU did not "implement special education services," which, as a parentally-placed private school student, would have been equitable participation services. Id. ¶ 28. However, as viewed by the Court, this is a reference to a manner in which C.F. was injured, rather than formulating the basis of Plaintiffs' claim. It is improper to characterize Plaintiffs' claim solely on a referenced injury. Moreover, in the words directly preceding their reference to special education services, Plaintiffs clearly state "DCIU did not identify C.F. as a child with a Receptive-Expressive Language Disorder and a Reading Disorder." Id. We believe this is the essential portion that frames Plaintiffs' claim as one based on the IDEA's child find provisions.

DCIU further argues that even if Plaintiffs stated a claim based on a child find violation, the claim should be dismissed because Plaintiffs acknowledge that DCIU did in fact evaluate and identify C.F. as a disabled student. DCIU MTD at 15-16. However, LEAs do not fulfil their child find obligations simply because they identify some of a student's disabilities. Warren G. v. Cumberland Cty. Sch. Dist., 190 F.3d 80, 87-88 (3d Cir. 1999); see R.M.M., 2016 WL 475171, at *16. As noted above, LEAs are obligated to evaluate students in all areas related to

10

suspected disabilities. It is plausible, as Plaintiffs allege, that while DCIU found some of C.F.'s disabilities, it failed to find others that DCIU should have suspected.

**III. Conclusion**

For the reasons stated herein, DCIU's Motion to Dismiss is DENIED.[7] Because the Hearing Officer disposed of this case on incorrect conclusions of law, the Court REMANDS this case to the Hearing Officer to schedule and conduct administrative hearings on Plaintiffs' claims, consistent with this Memorandum.[8]

---

[7] In addition, the Court finds error in the Hearing Officer's conclusion that the allegations in Plaintiffs' Due Process Complaint establish their pre-2014 injuries are, as a matter of law, barred by the state of limitations. H.O. Ruling at 9-11. The Hearing Officer held that, based on Plaintiffs' admissions in the Complaint that C.F. was screened multiples times dating back to 2008, "[t]he multiple evaluations placed the Parents on inquiry notice of the alleged . . . 'child find' violations." H.O. Ruling at 10. However, the mere fact that DCIU evaluated C.F. does not establish as a matter of law that Parents knew or should have known that DCIU failed to evaluate C.F. in all areas of suspected disability. DCIU is free to establish that point as a matter of fact, and Parents may have a reasonable explanation as to why they would not have reasonably known of the violation until 2016. In any event, that is a factual determination that cannot be established as a matter of law based on the allegations in Plaintiffs' Due Process Complaint.

Lastly, we reject DCIU's argument that Plaintiffs failed to exhaust their administrative remedies with respect to their ADA and Section 504 claims. It would be premature for the Court to rule on administrative exhaustion before this matter is fully exhausted at the administrative level. See infra p. 11 n.8.

[8] Remand is proper because the Hearing Officer disposed of the case on incorrect conclusions, without any factual determinations. Dep't of Educ. v. L.K., 2006 WL 1892220, at *1, 6-12 (D. Haw. July 10, 2006) (reversing hearing officer's erroneous conclusions of law and remanding sua sponte for further administrative proceedings); Kroot v. District of Colombia, 800 F. Supp. 976, 983 (D.D.C. 1992) (same); see Carlisle Area Sch. v. Scott P., 62 F.3d 520, 525-26 (3d Cir. 1995) (affirming district court's remand of IDEA-based claims for further administrative proceedings); R.M.M. 2016 WL 475171, at *13-17 (reversing hearing officer's dismissal of plaintiffs' child find claim and remanding for further administrative proceedings).